IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **BILLY PEOPLES** * <br> 11162 Commanders Lane * <br> White Plains, MD 20695 * <br>  * <br> **PLAINTIFF** * <br>  * <br> V. * <br>  * <br> **PRINCE GEORGE'S COUNTY** * <br> **GOVERNMENT** * <br> Rusher L. Baker, III, County Executive * <br> **Serve On:** * <br> Stephanie P. Anderson, Esquire * <br> County Attorney * <br> Prince George's County * <br> 14741 Governor Oden Bowie Dr. * <br> Upper Marlboro, Md. 20772 * <br>  * <br> and * <br>  * <br> **PRINCE GEORGE'S COUNTY** * <br> **POLICE DEPARTMENT** * <br> Serve: * <br> Stephanie P. Anderson, Esquire * <br> County Attorney * <br> Prince George's County * <br> 14741 Governor Oden Bowie Dr. * <br> Upper Marlboro, Md. 20772 * <br>  * <br> and * <br>  * <br> **MARK A. MAGAW** * <br> Acting Chief of Police * <br> 7600 Barlowe Road * <br> Landover, Maryland 20785 * <br> UPPER MARLBORO, MD 20772 * <br>  * <br> and * <br>  * <br> **DIANA KELLY** * <br> Prince George's County Police Department * <br> In both her official and individual capacity * <br>  * | **Case No.** _____ <br> **Civil Division:** _____ |

|                                           | * |
|------------------------------------------|---|
| and                                      | * |
|                                          | * |
| **JOE/JOSEPH KELLY**                     | * |
| Prince George's County Police Department | * |
| In both his official and individual capacity | * |
|                                          | * |
| and                                      | * |
|                                          | * |
| **LT. SESKER**                           | * |
| Prince George's County Police Department | * |
| In both his official and individual capacity | * |
|                                          | * |
| and                                      | * |
|                                          | * |
| **GLADYS I. COATES**                     | * |
| Co-Personal Representative for the       | * |
| **ESTATE OF TORA LYNN COATES**           | * |
| 6830 Old Bayside Road                    | * |
| Chesapeake Beach, MD  20732              | * |
|                                          | * |
| and                                      | * |
|                                          | * |
| **TRACEY W. GAINES**                     | * |
| Co-Personal Representative for the       | * |
| **ESTATE OF TORA LYNN COATES**           | * |
| 1501 Lochaber Court                      | * |
| Glen Burnie, MD  21061                   | * |
|                                          | * |
| and                                      | * |
|                                          | * |
| **John Does/Unknown Police Officers of** | * |
| **The Prince George's County Police**    | * |
| **Department and/or Police Officers of** | * |
| **The Prince George'County Police**      | * |
| **Department To Be Named**               | * |
|                                          | * |
| **DEFENDANTS**                           | * |

### PLAINTIFF'S ORIGINAL COMPLAINT FOR GENERAL NEGLIGENCE, NEGLIGENT  RETENTION, NEGLIGENT ENTRUSTMENT, RESPONDENT SUPERIOR AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND VIOLATION OF CIVIL RIGHTS,

   **COMES NOW,** Plaintiff, Billy Peoples, hereinafter, "Mr. Peoples" by and through his attorneys Sharon Christmas-DeBerry of the Law Office of Kelsey &

DeBerry, LLC and R. J. Vanzego, Jr. of the Law Offices of R.J. Vanzego, Jr., Esq. L.L.C., brings this cause of action against the defendants, Prince George's County Government, Prince George's County Police Department, Unknown Officers of the Prince George's County Police Department and the Estate of Tora Lynn Coates for damages brought pursuant to 42 U.S.C. Section 1983 for committing acts under color of law which deprived Billy Peoples of rights secured under the Constitutions of the United States and Maryland and laws of the State of Maryland, as well as common law negligence, negligence retention, intentional infliction of emotional distress, respondeat superior and negligent entrustment and violation of civil rights.

## JURISDICTION AND VENUE

1. Jurisdiction exists in this case pursuant 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343.

2. Prince George's County was given notice of the claims herein by letters dated March 21, 2008.

3. Venue is proper pursuant to 28 U.S.C. Section 1391.

## PARTIES

4. Plaintiff, Billy Peoples, was at all times relevant herein, a resident of the State of Maryland.

5. The Unknown Officers of the Prince George's County Police Department were at all times relevant to this proceeding a Prince George's County Police Officer acting within the course and scope of their employment with defendant Prince George's County. These defendants are being sued in their individual and official capacities.

6. Defendant Prince George's County Government is a local government in the State of Maryland and may be served through its registered agent for service of process or the county attorney and is subject to the venue and jurisdiction of this Court. It maintains a police department which operates under and administers a set of law enforcement policies, practices and customs involving the conduct of police officers.

7. Defendant Prince George's County Police Department is a division of Prince George's County Government and may be served through its registered agent for service of process or the county attorney and is subject to the venue and jurisdiction of this Court. It employs officers and administers a set of law enforcement policies, practices and customs by which their officers are charged with following.

8. Defendant Gladys I. Coates is the personal representative of the Estate of Tora Lee Coates, who was a member of the Prince George's County Police Department on January 28, 2008, and a resident of the State of Maryland.

## IDENTIFICATION OF PARTIES

9. Defendant Tracey Gaines is the personal representative of the Estate of Tora Lee Coates, who was a member of the Prince George's County Police Department on January 28, 2008, and a resident of the State of Maryland.

10. Diana Kelly was at all times relevant to this proceeding a Prince George's County Police Officer acting within the course and scope of her employment with defendant Prince George's County. These defendant is being sued in their individual and official capacities.

11. Joe Kelly was at all times relevant to this proceeding a Prince George's County Police Officer acting within the course and scope of his employment with defendant Prince George's County. These defendant is being sued in his individual and official capacities.

12. Lt. Sesker was at all times relevant to this proceeding a Prince George's County Police Officer acting within the course and scope of his employment with defendant Prince George's County. These defendant is being sued in his individual and official capacities.

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates and re-alleges each and every allegation contained in the preceding paragraphs above and as if fully set out herein.

14. On or about January 28, 2008, at approximately 12:30 p.m. Prince George's Police Sergeant, Tora Lynn Coates, shot the Plaintiff, Mr. Peoples, with her service issued service revolver from the Prince George's County Police Department. Mr. Peoples was not engaged in, and did not have any intent to engage in any criminal activity.

15. Mr. Peoples was shot three times with the service issued service revolver used by Prince George's County Police Sergeant Tora Lynn Coates.

16. Mr. Peoples was shot in the posterior, the hip and the shoulder.

17. Prince George's Police Sergeant, Tora Lynn Coates was a spokeswoman for the Prince George's County Police Department and was most recently assigned to the Internal Affairs Unit for professional responsibility.

4

18. On or about January 28, 2008, at approximately, 12:30 p.m., Prince George's County Police Sergeant, Tora Lynn Coates was on duty at the time she shot the Plaintiff, Mr. Peoples.

19. After critically injuring the Plaintiff, Mr. Peoples, Prince George's County Police Sergeant, Tora Lynn Coates shot and killed herself with the service issued service revolver from the Prince George's County Police Department.

20. On neither January 28, 2008 nor anytime before did the Plaintiff threaten, harm or attempt to injure Prince George's County Police Sergeant, Tora Lynn Coates.

21. On January 28, 2008, Prince George's County Police Sergeant, Tora Lynn Coates called fellow Prince George's County Officers, Diana Kelley and Joe Kelly and advised them that she was going to cause bodily harm to the Plaintiff, Mr. Peoples and to herself.

22. Prince George's County Police Officer, Diana Kelley is an officer of the Prince George's County Police Department and is member of the Internal Affairs Unit for professional responsibility.

23. Prince George's County Police Officer, Joe Kelley is an officer of the Prince George's County Police Department and is member of the helicopter division.

## COUNT I
## 42 USC 1983 VIOLATION OF CIVIL RIGHTS

24. That the Prince George's County Police Department knew or should have known that Tora Coates posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the Mr. Peoples and that the Departments response to Ms. Coats problems was inadequate thus resulting in injury to Mr. Peoples.

25. We have set forth three elements necessary to establish supervisory liability under Sec. 1983: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

## COUNT II – NEGLIGENCE
## DEFENDANT PRINCE GEORGE'S COUNTY GOVERNMENT

26. Plaintiff incorporates and re-alleges each and every allegation contained in the preceding paragraphs above and as if fully set out herein.

5

27. Under Count I for Negligence, Prince George's County Government owed to Mr. Peoples a degree of care which is exercised by ordinarily prudent persons under the same similar circumstances. The absence of such a degree of care is Negligence.

28. Defendant Prince George's County Government deviated from and fell below this degree of care employed by ordinarily prudent persons under same or similar circumstances.

29. The treatment afforded to Mr. Peoples was negligent due to the fact that Defendant Prince George's County Government acting through its agents and/or employees, including but not limited to the Defendant, Prince George's County Police Sergeant Tora Lynn Coates failed to protect, hold harmless and serve Mr. Peoples.

30. The treatment afforded to Mr. Peoples was negligent due to the fact that Defendant Prince George's County Government acting through its agents and/or employees, including but not limited to Prince George's County Police Officers Diana Kelly and Joe Kelly, failed to take appropriate measures to prevent Defendant, Prince George's County Police Sergeant Tora Lynn Coates, from critically injuring Mr. Peoples.

31. Defendant Prince George's County Government's negligence was a direct and proximate cause of Mr. People's injuries which were caused by the service revolver issued by the Defendant, Prince George's County Government.

32. Defendant Prince George's County Government is vicariously liable for the actions of its employees.

33. Defendant Prince George's County Government's negligence proximately caused Mr. Peoples serious injuries about his posterior, hip, back and shoulder and to suffer great mental anguish, loss of work, wages. All such injuries were caused solely by the negligence of Defendant Prince George's County Government without any negligence by the Plaintiff, Mr. Peoples.

34. As a result of the Defendant's negligence which led to the Plaintiff's injuries, Defendant, Prince George's County Government is liable for damages to the Plaintiff.

### COUNT III– NEGLIGENCE
### DEFENDANT PRINCE GEORGE'S COUNTY POLICE DEPARTMENT

35. Plaintiff incorporates and re-alleges each and every allegation contained in the preceding paragraphs above and as if fully set out herein.

6

36. Under Count II for Negligence, Prince George's County Police Department owed to Mr. Peoples a degree of care which is exercised by ordinarily prudent persons under the same similar circumstances. The absence of such a degree of care is Negligence.

37. Defendant Prince George's County Government deviated from and fell below this degree of care employed by ordinarily prudent persons under same or similar circumstances.

38. The treatment afforded to Mr. Peoples was negligent due to the fact that Defendant Prince George's County Police Department acting through its agents and/or employees, including but not limited to the Defendant, Prince George's County Police Sergeant Tora Lynn Coates failed to protect, hold harmless and serve Mr. Peoples.

39. The treatment afforded to Mr. Peoples was negligent due to the fact that Defendant Prince George's County Police Department acting through its agents and/or employees, including but not limited to Prince George's County Police Officers Diana Kelly and Joe Kelly, failed to take appropriate measures to prevent Defendant, Prince George's County Police Sergeant Tora Lynn Coates, from critically injuring Mr. Peoples.

40. Defendant Prince George's County Police Department's negligence was a direct and proximate cause of Mr. People's injuries which were caused by the service revolver issued by the Defendant, Prince George's County Police Department.

41. Defendant Prince George's County Police Department is vicariously liable for the actions of its employees.

42. Defendant Prince George's County Police Department's negligence proximately caused Mr. Peoples serious injuries about his posterior, hip, back and shoulder and to suffer great mental anguish, loss of work, wages. All such injuries were caused solely by the negligence of Defendant Prince George's County Police Department without any negligence by the Plaintiff, Mr. Peoples.

43. As a result of the Defendant's negligence which led to the Plaintiff's injuries, Defendant, Prince George's County Police Department is liable for damages to the Plaintiff.

## COUNT IV – NEGLIGENCE
## DEFENDANT TORA LYNN COATES
## ESTATE OF TORA LYNN COATES

44. Plaintiff incorporates and re-alleges each and every allegation contained in the preceding paragraphs above and as if fully set out herein.

45. Under Count III for Negligence, Tora Lynn Coates - Estate of Tora Lynn Coates owed to Mr. Peoples a degree of care which is exercised by ordinarily prudent persons under the same similar circumstances. The absence of such a degree of care is Negligence.

46. Defendant Tora Lynn Coates - Estate of Tora Lynn Coates deviated from and fell below this degree of care employed by ordinarily prudent persons under same or similar circumstances.

47. The treatment afforded to Mr. Peoples was negligent due to the fact that Defendant Tora Lynn Coates - Estate of Tora Lynn Coates acting through its agents and/or employees, including but not limited to the Defendant, Prince George's County Police Sergeant Tora Lynn Coates failed to protect, hold harmless and serve Mr. Peoples.

48. The treatment afforded to Mr. Peoples was negligent due to the fact that Tora Lynn Coates - Estate of Tora Lynn Coates acting through its agents and/or employees, including but not limited to Prince George's County Police Officers Diana Kelly and Joe Kelly, failed to take appropriate measures to prevent Defendant, Prince George's County Police Sergeant Tora Lynn Coates, from critically injuring Mr. Peoples.

49. Defendant Prince George's County Police Department's negligence was a direct and proximate cause of Mr. People's injuries which were caused by the service revolver issued by the Defendant, Prince George's County Police Department.

50. Defendant Prince George's County Police Department is vicariously liable for the actions of its employees.

51. Defendant Prince George's County Government's negligence proximately caused Mr. Peoples serious injuries about his posterior, hip, back and shoulder and to suffer great mental anguish, loss of work, wages. All such injuries were caused solely by the negligence of Defendant Prince George's County Government without any negligence by the Plaintiff, Mr. Peoples.

52. As a result of the Defendant's negligence which led to the Plaintiff's injuries, Defendant, Prince George's County Police Department is liable for damages to the Plaintiff.

### COUNT V – NEGLIGENCE RETENTION
### DEFENDANT PRINCE GEORGE'S COUNTY GOVERNMENT &
### DEFENDANT PRINCE GEORGE'S COUNTY POLICE DEPARTMENT

53. Plaintiff incorporates and re-alleges each and every allegation contained in the preceding paragraphs above and as if fully set out herein.

54. Defendant's Prince George's County Government is a local government incorporated in the State of Maryland, where it is engaged in the business of protecting and serving the citizens of Prince George's County, Maryland.

55. Defendant's Prince George's County Police Department, a division of the Prince George's County Government is engaged in the business of protecting and serving the citizens of Prince George's County, Maryland.

56. On or about January 1, 2000, Defendants hired Tora Lynn Coates as a police officer within the Prince George's County Police Department and assigned her to work in Prince George's County Maryland to protect its citizens of the county.

57. On or about January 28, 2008, at approximately 12:30 p.m. Prince George's Police Sergeant, Tora Lynn Coates, shot the Plaintiff, Mr. Peoples, with her service issued service revolver from the Prince George's County Police Department. Mr. Peoples were not engaged in, and did not have any intent to engage in any criminal activity.

58. Without provocation or warning, Prince George's County Police Sergeant shot Plaintiff Mr. Peoples with issued service revolver from the Prince George's County Police Department causing serious injuries to Plaintiff's posterior, hip, back and shoulders.

59. Defendants Prince George's County Government and Prince George's County Police Department had a duty to use reasonable care to select an employee who was competent and fit to perform the duties of a police officer. Defendant had actual knowledge of Defendant Prince George's County Police Sergeant Tora Lynn Coates violent, emotional and psychological history. Defendants Prince George's County Government and Prince George's County Police Department also ignored statements by Tora Lynn Coates indicating she would put a service revolver to her mouth and kill herself and that she intended to cause serious bodily injury to the Plaintiff and to herself on January 28, 2008. A reasonable and prudent employer would not have ignored such indications of Coates unfitness for such duties. Defendants Prince George's County Government and Prince George's County Police Department knew; or should have known that Police Sergeant Coates would be likely to confront and be in contact with members of the public. Plaintiff Peoples was a member of the public who would foreseeably come into contact with Defendant Tora Lynn Coates. Therefore, Defendants Prince George's County Government and Prince George's County Police Department owed such duty to Mr. Peoples, and such duty was breached.

60. Because of Tora Lynn Coates' violent, emotional and psychological history, the likelihood of the risk of her assaulting a member of the public was foreseeable. Defendant's Prince George's County Government and Prince George's County Police Department knew, or should have known, that Ms. Coates was not competent or fit for the duties of a police officer. Defendants breached its duty to

use reasonable care and to select and or retain an employee that was competent and fit for the position.

61. As a result of Defendant's negligence in hiring and retaining Police Sergeant Coates in the position of police officer, Plaintiff was injured as alleged.

### COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### DEFENDANT PRINCE GEORGE'S COUNTY GOVERNMENT
### DEFENDANT PRINCE GEORGE'S COUNTY POLICE DEPARTMENT
### THE ESTATE OF TORA LYNN COATES

62. Plaintiff incorporates and re-alleges each and every allegation contained in the preceding paragraphs above and as if fully set out herein.

63. Defendant Prince George's County Government is a local government incorporated in the State of Maryland, where it is engaged in the business of protecting and serving the citizens of Prince George's County, Maryland.

64. Defendant Prince George's County Police Department, a division of the Prince George's County Government is engaged in the business of protecting and serving the citizens of Prince George's County, Maryland.

65. Defendant The Estate of Tora Lynn Coates is a estate created in Charles County, Maryland and is in the business of representing the decedent, Tora Lynn Coates assets, property and etc.

66. On or about January 28, 2008, at approximately 12:30 p.m. Prince George's Police Sergeant, Tora Lynn Coates, shot the Plaintiff, Mr. Peoples, with her service issued service revolver from the Prince George's County Police Department.

67. Without provocation or warning, Prince George's County Police Sergeant shot Plaintiff Mr. Peoples with issued service revolver from the Prince George's County Police Department causing serious injuries to Plaintiff's posterior, hip, back and shoulders. The injuries suffered by the Plaintiff were perpetrated by the agents, servants and employees of the Defendant and within the scope of their employment. Defendant is responsible for all of the acts committed by its agents within the scope of their employment.

68. Defendant, Tora Lynn Coates conduct was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to the Plaintiff.

69. The aforesaid conduct by Defendant's agents was extreme and outrageous and beyond the bounds of decency in society.

70. The conduct of Defendant's agents was malicious, willful, and intentional.

71. As a result of the aforesaid conduct and actions, the Plaintiff has suffered, and will continue to suffer, severe and extreme emotional distress.

### COUNT VII –RESPONDEAT SUPERIOR
### DEFENDANT PRINCE GEORGE'S COUNTY GOVERNMENT
### DEFENDANT PRINCE GEORGE'S COUNTY POLICE DEPARTMENT

72. Plaintiff incorporates and re-alleges each and every allegation contained in the preceding paragraphs above and as if fully set out herein.

73. Under Count V for Respondeat Superior, the negligence of Defendant Prince George's County Government and Defendant Prince George's County Police Department and any other agents, employees, and servants of Defendant Prince George's County Government and Defendant Prince George's County Police Department acting within the scope of their employment as stated above, was a contributing and proximate cause of the injuries suffered by the Plaintiff, Mr. Peoples.

74. As such, Defendant Prince George's County Government and Defendant Prince George's County Police Department is liable in damages to the Plaintiff under the theory of respondeat superior for the professional negligence of its agents, employees, and servants acting within the scope of their employment.

### COUNT VIII- NEGLIGENT ENTRUSTMENT
### DEFENDANT PRINCE GEORGE'S COUNTY GOVERNMENT
### DEFENDANT PRINCE GEORGE'S COUNTY POLICE DEPARTMENT

75. Plaintiff incorporates and re-alleges each and every allegation contained in the preceding paragraphs above and as if fully set out herein.

76. Defendant Prince George's County Government is a local government incorporated in the State of Maryland, where it is engaged in the business of protecting and serving the citizens of Prince George's County, Maryland.

77. Defendant Prince George's County Police Department, a division of the Prince George's County Government is engaged in the business of protecting and serving the citizens of Prince George's County, Maryland.

78. On or about January 1, 2000, Defendants hired Tora Lynn Coates as a police officer within the Prince George's County Police Department and assigned her to work in Prince George's County Maryland to protect its citizens of the county.

79. On or about January 28, 2008, at approximately 12:30 p.m. Prince George's Police Sergeant, Tora Lynn Coates, shot the Plaintiff, Mr. Peoples, with her service issued service revolver from the Prince George's County Police

Department. Mr. Peoples was not engaged in, and did not have any intent to engage in any criminal activity.

80. Without provocation or warning, Prince George's County Police Sergeant shot Plaintiff Mr. Peoples with issued service revolver from the Prince George's County Police Department causing serious injuries to Plaintiff's posterior, hip, back and shoulders.

81. Defendants Prince George's County Government and Prince George's County Police Department had a duty to use reasonable care to select an employee who was competent and fit to perform the duties of a police officer. Defendant had actual knowledge of Defendant Prince George's County Police Sergeant Tora Lynn Coates violent, emotional and psychological history. Defendants Prince George's County Government and Prince George's County Police Department also ignored statements by Tora Lynn Coates indicating she would put a service revolver to her mouth and kill herself and that she intended to cause serious bodily injury to the Plaintiff and to herself on January 28, 2008. A reasonable and prudent employer would not have ignored such indications of Coates unfitness for such duties.  Defendants Prince George's County Government and Prince George's County Police Department knew; or should have known that Police Sergeant Coates would be likely to confront and be in contact with members of the public. Plaintiff Peoples was a member of the public who would foreseeably come into contact with Defendant Tora Lynn Coates. Therefore, Defendants Prince George's County Government and Prince George's County Police Department owed such duty to Mr. Peoples, and such duty was breached.

82. Because of Tora Lynn Coates' violent, emotional and psychological history, the likelihood of the risk of her assaulting a member of the public was foreseeable. Defendant's Prince George's County Government and Prince George's County Police Department knew, or should have known, that Ms. Coates was not competent or fit for the duties of a police officer. Defendants breached its duty to use reasonable care and to select and or retain an employee that was competent and fit for the position.

83. Defendants knew that Police Sergeant Coates was likely, and had a propensity to operate the issued service resolver from the Prince George's County Police Department in a negligent and unsafe manner, that was likely to cause physical harm to others. Accordingly, Defendants were negligent in entrusting the service revolver to Police Sergeant Coates.

84. As a result of Defendant's negligence in hiring and retaining Police Sergeant Coates in the position of police officer, Plaintiff was injured as alleged.

**COUNT IX - ALL OTHER CAUSES OF ACTION**

85. Plaintiff incorporates and re-alleges each and every allegation contained in Paragraph one (1) through seventy nine (79) above as if fully set out herein.

Plaintiff reserves the right to amend this Complaint with further causes of action as becomes available to the Plaintiff against these Defendants and other foreseeable Defendants.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Billy Peoples prays as follows:

(a) That judgment be entered against Defendants, jointly and severally, as to each count herein in the amount of Twenty Million Dollars ($20,000,000.00) in compensatory and punitive damages, plus interest and costs and for such other and further relief as this Court deems just and proper.

### **JURY DEMAND**

Plaintiff, demands that all issues of fact in this case be tried before a properly impaneled jury.

Respectfully submitted

/s/ R. J. Vanzego, Jr.
_____

R. J. Vanzego, Jr., Esq.
The Law Office of
R. J. Vanzego, Jr., Esq., L.L.C.
9450 Pennsylvania Avenue
Upper Marlboro, Maryland 20772
301.599-0003


/S/ Sharon Y. Christmas-DeBerry
_____

Sharon Y. Christmas-DeBerry, Esq.
Kelsey & DeBerry, LLC
9200 Basil Court, Suite 314
Largo, Maryland 20774
(301) 883-8616